UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, a married woman dealing with her sole and separate claim,<br><br>Plaintiff,<br><br>v.<br><br>COSUMNES RIVER LAND LLC, a Delaware limited liability company dba The Murieta Inn and Spa,<br><br>Defendant. | No. 2:19-cv-02533-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

    Plaintiff Theresa Brooke ("Plaintiff") initiated this action against Defendant Cosumnes River Land LLC ("Defendant") seeking declaratory and injunctive relief for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. ("ADA") and California's Unruh Civil Rights Act, California Civil Code §§ 51, et seq. ("Unruh Act"). ECF No. 5. Presently before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") for lack of subject matter jurisdiction and for failure to state a claim for relief. ECF No. 6. For the reasons set forth below, Defendant's Motion is GRANTED in part and DENIED in part.[1]

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

# BACKGROUND[2]

Plaintiff is a resident of Pinal County, Arizona, and is legally disabled and confined to a wheelchair. She and her husband are avid travelers to California and Plaintiff has an office in San Jose. Plaintiff and her husband plan to visit the Sacramento and Central Valley area over the next several months for purposes of travel, testing ADA compliance, court-related hearings, conferences, and site inspections. Because of Plaintiff's many special needs, she requires the use of lodging rooms that are accessible to her and have standard accessibility features such as roll-in showers, adequate spacing of the furniture, and grab bars surrounding the toilet.

In anticipation of her trip, Plaintiff visited the website of the Murieta Inn and Spa (the "Hotel") to rent a room and to check compliance with disability access rules.[3] According to Plaintiff, the Hotel offers two types of suites called the Premium Suite and Signature Suite, one of which Plaintiff wanted to rent because of the larger living space and amenities.[4] The website indicates which rooms are ADA accessible, but Plaintiff states that only the standard rooms are ADA accessible, not the suites. As a result, Plaintiff was deterred from reserving a room and will not visit the Hotel until Defendant makes such rooms available for disabled persons.

///
///
///
///
///

---

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's FAC. ECF No. 6.

[3] Defendant owns the land on which the Hotel is located but it does not own, operate, or conduct business as the Hotel. FAC ¶ 2; Def.'s Mem. ISO Mot. Dismiss, ECF No. 6-1, at 1.

[4] Defendant states that the Hotel offers five room types: (1) Classic Room (standard room), (2) Premium Room, (3) Signature Room, (4) Signature Suite, and (5) Parlor. Def.'s Mem. ISO Mot. Dismiss, ECF No. 6-1, at 1. Contrary to the Complaint, Defendant says the Hotel does not offer a Premium Suite. Id. at 2.

**STANDARD**

**A.     Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[5] Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to

---

[5] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

dismiss constitutes a facial attack, the court must consider the factual allegations of the complaint to be true and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id. However, in the case of a factual attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornhill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733. If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

However, "jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." Safe Air for Everyone, 373 F.3d at 1039 (internal citations and quotations omitted). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court

and the plaintiff's substantive claim for relief." Id. at 1039–40 (internal citations and quotations omitted).

"A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'" Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983)). "In such a case, the district court assumes the truth of the allegations in a complaint . . . unless controverted by undisputed facts in the record." Id. "Dismissal is then appropriate where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (internal quotations and citations omitted). "This standard, often cited in Rule 12(b)(6) motions, . . . is equally applicable in motions challenging subject matter jurisdiction when such jurisdiction may be contingent upon factual matters in dispute." Id. If, after this threshold inquiry, subject matter jurisdiction is not precluded, the Court may entertain arguments "on either a motion going to the merits [i.e., a summary judgment motion,] or at trial." Id. at 1178.

**B.    Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion

1   couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting
2   Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief
3   above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &
4   Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the
5   pleading must contain something more than "a statement of facts that merely creates a
6   suspicion [of] a legally cognizable right of action")).

7       Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket
8   assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and
9   quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard
10  to see how a claimant could satisfy the requirements of providing not only 'fair notice' of
11  the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright &
12  Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to
13  relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their
14  claims across the line from conceivable to plausible, their complaint must be dismissed."
15  Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge
16  that actual proof of those facts is improbable, and 'that a recovery is very remote and
17  unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

18      **C.**    **Leave to Amend**

19      A court granting a motion to dismiss a complaint must then decide whether to
20  grant leave to amend. Leave to amend should be "freely given" where there is no
21  "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
22  to the opposing party by virtue of allowance of the amendment, [or] futility of the
23  amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
24  Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
25  be considered when deciding whether to grant leave to amend). Not all of these factors
26  merit equal weight. Rather, "the consideration of prejudice to the opposing party . . .
27  carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,
28  185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that

6

"the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

### A. First Cause of Action: Violation of Title III of ADA

Defendant moves to dismiss Plaintiff's ADA claim on two grounds: (1) Plaintiff lacks standing to sue because she does not allege an injury-in-fact, and (2) Plaintiff fails to state a claim upon which relief may be granted because Defendant did not commit any violations under Title III of the ADA or the 2010 ADA Standards for Accessible Design ("2010 ADA Standards"). Def.'s Mem. ISO Mot. Dismiss, ECF No. 6-1, at 4. Both grounds center on the same inquiry of whether Plaintiff has suffered an injury. Because the jurisdictional inquiry and the merits are fundamentally intertwined, review of Defendant's Motion under the typical Rule 12(b)(1) standard applicable to factual motions would not be proper. Thus, Defendant's Motion to Dismiss Plaintiff's FAC under Rule 12(b)(1) is DENIED and the Court will analyze Plaintiff's ADA claim under Rule 12(b)(6).

Plaintiff alleges Defendant violated § 224.5 of the 2010 ADA Standards by failing to "provide comparable room-type choices for disabled persons as it does for able-bodied persons." FAC ¶ 15. Section 224.5 provides that guest rooms with mobility features "shall be dispersed among the various classes of guest rooms and shall provide choices of types of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests." Both Plaintiff and Defendant agree that § 224.5 does not require Defendant to offer an accessible and non-accessible version of the same room type to its guests. Def.s' Mem. ISO Mot. Dismiss, ECF No. 6-1, at 7–8; Pl.s' Opp.,

ECF No. 10, at 5. Instead, Plaintiff argues that Defendant does not provide comparable accessible rooms to the inaccessible Premium and Signature Suites. Pl.'s Opp., ECF No. 10, at 5. Taking Plaintiff's allegations as true, the Hotel does not offer comparable accessible rooms and as such, Plaintiff adequately pleads a viable cause of action under the ADA and § 224.5 of the 2010 ADA Standards. Therefore, Defendant's Motion to Dismiss Plaintiff's First Cause of Action under Rule 12(b)(6) is DENIED.[6]

### B.  Second Cause of Action: Violation of Unruh Act

A violation of the ADA also constitutes a violation of the Unruh Act, but the Unruh Act applies only to "persons within the jurisdiction of this state." Cal. Civ. Code § 51(b), (f) (emphasis added). Here, Plaintiff is a resident of Arizona which is where she accessed the Hotel's website. See Brooke v. RIHH LP, Case No. 19-cv-06852-SI, 2020 WL 788889, at *5 n.2 (N.D. Cal. Feb. 18, 2020) (finding the "alleged injury occurs where the plaintiff visited that website"). Because the Unruh Act only applies to injuries that occur in California, Plaintiff's Second Cause of Action is DISMISSED without leave to amend.

### CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 6, is GRANTED in part and DENIED in part. This action shall proceed on Plaintiff's First Cause of Action.

IT IS SO ORDERED.

Dated: April 28, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[6] In ruling on the Motion pursuant to Rule 12(b)(6), the Court finds it premature to consider the Declaration of Nicholas Brent Larkin. ECF Nos. 6-2, 6-3.

8